## McLEAN *a.* TOMPKINS.

*Supreme Court, Second District; General Term, February, 1857.*
*Again at Special Term, April, 1857.*

FORECLOSURE.—SUBROGATION.—APPEARANCE.—WAIVER OF
NOTICE.—IRREGULARITY.—EASEMENT.—MOTION.

The plaintiff in an action for the foreclosure of a mortgage, on the payment or tender to him of his mortgage-debt and costs, can make no equitable or effectual resistance to a claim for subrogation, on the part of any one who has an interest in the property, which can only be saved by, or which would be seriously endangered without, the proposed substitution.

The proprietor of an easement cannot be prejudiced by any one who has subsequently been at an expense for the improvement of the land to which it is attached.

Defendants who do not appear, are concluded without the service of any other notice upon them than the primary process, by all proceedings in the action which they had reason to anticipate.

McLean *a.* Tompkins.

But the substitution of one plaintiff for another, and particularly the substitution of one of the defendants as plaintiff without notice to his co-defendants, is irregular.

The want of notice of motion is not cured by the fact that the aggrieved party subsequently moved to vacate the order made on the motion, nor by his having taken an appeal from the order.

---

On a mere non-enumerated motion, the court has power to dispose of any question which arises, even to the extent of setting aside releases, overturning deeds and judgments, without the aid of a jury. But in cases of moment and difficulty, the court may, in its discretion, require that the matters in controversy be determined by action.

On an order directing that one of the defendants in an action of foreclosure be subrogated to the plaintiff's rights on payment of the debt and costs, for the purpose of saving an apparent equity, where such equity is disputed by other defendants, having adverse interests, the court will go no further than to direct the subrogation on such terms as may be just, leaving the conflicting claims to be determined by future adjudication.

It is not a valid objection to the subrogation of a defendant in foreclosure in the place of the plaintiff, that the sale may be abandoned, and subsequent incumbrancers miss their opportunity of reaching the surplus moneys.

If the court has power to require the holder of a judgment of foreclosure to proceed and sell the mortgaged premises, it will be exercised only in extraordinary cases.

I. *February*, 1857.—Appeals from an order directing that one of the defendants be subrogated to the rights of the plaintiff, and from a second order modifying the first.

This action, for the foreclosure of certain mortgages, was brought by William McLean against Minthorne Tompkins, The Staten Island and New York Ferry Co., Horace F. Clark and twenty-six others. Judgment was entered in favor of the plaintiff, directing the foreclosure and sale, and the payment to plaintiff of the mortgage-debt, $8,651.68, and costs. About two months after the judgment was entered, but before the sale of the premises, a motion was made by The Staten Island and New York Ferry Co., which enjoyed an easement in the premises, for a subrogation to plaintiff's rights on tendering debt and costs. A stay of proceedings was obtained pending the motion. An order was granted by Mr. Justice Rockwell, directing such subrogation on the terms proposed, that the plaintiff thereupon assign to The Staten Island and New York Ferry Co. his mortgage and decree, or that the mortgaged

premises be sold subject to the 'company's right on its stipulating the bid, the amount of the debt, costs, and expenses. The plaintiff resisted the motion chiefly on the ground that his claim under a third mortgage upon the same premises, which was taken at a later date than the company's easement, but which he supposed was superior to it in equity, would be endangered by the subrogation. Subsequently, on motion of defendants Tompkins and Clark, who had not been notified of the former application, the order was modified by Mr. Justice Birdseye, by striking out the alternative proposition, which allowed a sale subject to the company's right. The plaintiff and the defendant Tompkins now appealed from Mr. Justice Rockwell's order; and the Ferry Company appealed from Mr. Justice Birdseye's order. The Ferry Company procured a stay of proceedings pending the appeal.

*Horace F. Clark*, for the plaintiff and defendant Tompkins.

*Lot C. Clark*, for The Staten Island and New York Ferry Co.

STRONG, J.—Ordinarily, a plaintiff in an action for the foreclosure of a mortgage, has a right to a judgment for the sale of the mortgaged premises for the satisfaction of his secured debt, without being delayed or troubled by the conflicting claims of those having subsequent liens, incumbrances, or estates. But the sole object of his suit is to obtain satisfaction of such debt, including the payment of his costs. That being accomplished, he can have no further claim. When he has paid to him or tendered to him the full amount due, and, when the circumstances require it, a satisfactory indemnity against any future damage is offered, he can make no equitable or effectual resistance to a claim for subrogation in behalf of any one who has an interest in the property, which can only be saved by, or which would be seriously endangered without, the proposed substitution. The plaintiff's rights in this case are not at all extended by reason of his holding a third mortgage, given subsequent to the grant of an easement to the ferry company. The proprietor of an easement cannot surely be prejudiced by any one who has subsequently been at an expense for the improvement of the land to which it is attached.

But it seems to me that all whose interests may be affected by the proposed subrogation have a right to be heard before it is granted. Although they may have been willing that their interests should be controlled by the plaintiff, so far as the collection of his debt might require, they might have serious, and, in some instances, well founded objections to the transfer of such power to another and rival claimant. It is undoubtedly right that defendants in a suit who do not appear should be concluded, without the service of any other notice upon them than the primary process, in all proceedings which they had reason to anticipate. But the subrogation of one plaintiff for another, and particularly when he who is thus substituted, was originally a defendant, has no identity with the action as it has been instituted and made known to the defendant. He should not, therefore, be affected by the ultra proceedings without having an opportunity to be heard.

The want of a notice for an original hearing to which a party is entitled, cannot be cured by a subsequent motion to vacate an order which may have been made, or by an appeal from such order. There is no rule that such motion or appeal is a waiver of the want of notice, nor should there be.

Both orders should be set aside, for the reason that some of the defendants who now object to them had no notice of the original motion; but with liberty to the Ferry Company to renew the motion at special term on the service of notice upon all their co-defendants, and upon the plaintiff, and the stay of proceedings should be continued until the further order of this court. The Ferry Company should, if required, give to the plaintiff satisfactory security for the eventual payment of his judgment, to be approved by a justice of this court, and a provision for such security should be included in the order. The Ferry Company, as a condition of renewing the motion, must pay the costs and expenses of the advertisement of sale, and the costs of the appellants in the court below, on the appeals.

BIRDSEYE and BROWN, JJ., concurred.

---

II. *April*, 1857.—Renewal of motion by the Ferry Company for a subrogation.

Immediately after the foregoing decision, the Ferry Company renewed its motion at special term pursuant to leave reserved.

*John Van Buren* and *Lot C. Clark*, for the motion.

*Theodore C. Vermilye* and *Charles A. Rapallo*, opposed.

BIRDSEYE, J.—I do not deem it necessary, in deciding this motion, to make any order which shall dispose finally of the main question which has been argued in the case, viz. : The validity or invalidity of the grant to the Ferry Company under the deed of November 25th, 1853.

As the order first made for the subrogation was originally drawn, it allowed the mortgaged premises, in one event, to be sold subject to the easement claimed by the Ferry Company, under their deed. A purchase on such terms would have estopped the purchaser from ever raising the question of the validity of the grant.

Before such disability could be imposed upon the subsequent encumbrancers, or the mortgagor, it would be necessary to examine the deed, to weigh, with a care commensurate with the importance of the interests and the questions involved, the objections to its validity, and to decide them all in favor of the company. If that course were necessary to the proper decision of this application, I should have great difficulty in retaining the motion for decision. Interests of such magnitude, and equities so complicated ought not to be passed upon on a mere non-enumerated motion. They deserve to be brought before the court by a regular action, in which all the parties in interest shall be joined as parties, and have full opportunities to set forth their rights by pleading, and to sustain them by proofs. It is true there is no defect of power to dispose of such questions on motion. From the very nature of the case, where relief is asked by motion upon a state of facts involving those questions, they must be investigated if the motion is to be decided. Releases may be set aside, deeds, and even judgments, may be overturned by the court, upon the decision of motions and and without the aid of a jury. (Ferris *a.* Crawford, 2 *Den.*, 604.) But the court may, in its discretion, direct, that instead of the informal procedure by motion, the matter shall be heard

by action, with all the attendant facilities, afforded by pleadings, and the oral examinations of witnesses, and appeals, for the due administration of justice in cases of difficulty and importance. Such a discretion, as already stated, I should exercise in this case, if the judgment of the court were to follow the arguments of counsel, and decide all the questions which have been discussed.

It seems to me, however, sufficient to hold at present, that the Ferry Company have shown a right, *prima facie*, to be substituted in the place of the plaintiff with reference to the judgment in this action, on paying him in full the amount due him thereon, for principal, interest, and costs.

When the plaintiff has received that sum, he cannot longer demand the assistance of the court, and may properly be required to yield his place to another claimant. Such claimant, however, can only take the plaintiff's place and acquire his rights to the security in question. The order which places the Ferry Company in the place of the plaintiff, with respect to the plaintiff's judgment, only affirms that the Company have an apparent equity which may be saved from sacrifice if they will pay the prior lien. It need not, and it should not, establish ultimately the validity of that equity against all other parties. The Ferry Company, therefore, on being subrogated to the plaintiff's position, can sell only in the same manner, and on the same terms as the plaintiff can now sell. To allow them to sell subject to the lien sought to be created in and by the deed of November 25, 1853, is to affirm the validity of that lien, as against all the parties to this action, and, though as already stated, that question might be, it ought not to be, disposed of on a motion like the present.

If the party subrogated succeeds only to the plaintiff's rights and powers over the judgment, the other defendants cannot, in my judgment, rightfully complain. No unfair advantage has been gained over them. They are still at liberty to dispute the other claims of the party subrogated. The court have only decided that the equities of the party subrogated shall not be cut off by a sale on the first lien, if the plaintiff's is paid off.

But it is said that the other defendants, whose liens on the mortgaged premises are bound by the judgment, and will be cut off by the sale, have a legal right to require that the sale pro-

ceed in due course, so that they may take the usual proceedings to obtain the surplus, if any, to arise on the sale.

I do not intend to say that the court could not, in any case, intervene and direct the sale to proceed. But a very special case for that purpose would have to be made before such an order could be granted. If the mortgagee were to retain the security, the court would hesitate long before compelling him to foreclose his mortgage, or to carry into effect the judgment of foreclosure, when obtained. And if the Ferry Company is subrogated to the rights of the plaintiff, and nothing more, I can see no greater reason for directing them to proceed and sell, than for thus interfering with the mortgagee. The Company will, on the subrogation, take merely a lien on the premises. They may retain it as a lien if they deem it for their interest so to do.

If the subsequent encumbrancers, either by mortgage or judgment, desire either to test the validity of the easement claimed by the Ferry Company, or to obtain payment of their claims upon the mortgaged premises, they have appropriate remedies to which they can resort, and by which any relief that might be extended to them on this motion, may be attained.

Nor has the mortgagor any reason to object to such a subrogation. If the sale is abandoned entirely, and he is left in possession of the property mortgaged, he cannot well complain. If the conveyance he made to the Ferry Company, subsequent to the mortgage, is invalid or void, and if he is estopped from attacking it by his position as the grantor, he has no equity commending him to the favor of the court, and requiring us to extend to him, on this proceeding, any facilities for escaping from that estoppel.

An order will, therefore, be entered, that, on paying or tendering to the plaintiff the amount due him for principal, interest, and costs, on the judgment in this action, together with the fees, expenses and disbursements incurred since the judgment and in reference to the sale, and ten dollars for the costs of opposing this motion, within fifteen days after the entry of this order, the defendants, the Staten Island and New York Ferry Company, be subrogated to all the rights of the plaintiff as to the judgment in this action and the moneys secured thereby, and that the plaintiff, on receiving the amount thus directed to

be paid, shall execute and deliver to said defendants a receipt therefor, and a transfer to them of the said judgment. If such payment or tender be not made within the time specified, this motion to be denied, with ten dollars costs.

If the plaintiff, on being tendered the amount due to him, refuses to receive the same, then all further proceedings on his part are stayed till the further order of the court, except the continuance of the advertisement of sale for a reasonable period, the Company to be at liberty, in case of such refusal, to apply to the court for such order as may be necessary to compel the plaintiff to comply with this order, notice of such application to be given to all the parties to the action who have appeared so as to be entitled to notice of the proceedings therein.

After such subrogation shall be made, the Company is to be at liberty to proceed and sell the mortgaged premises in the same manner and on the same terms only as the said plaintiff could sell the same if this order had not been made. If such sale be made under the advertisement of sale heretofore made and now being continued, it may be made without further notice to the parties in interest. But if the sale be not made under the present advertisement of sale, then no sale shall be made until thirty days after copy of the notice of such sale shall have been served on each of the parties to this action who has appeared so as to be entitled to notice.

The order is not to affect the rights or equities of any of the parties to this action except in so far as it confers on the Ferry Company the rights of the plaintiff in and to the judgment in the action.

As the Ferry Company are obtaining a favor from the court, and their co-defendants were required to attend to guard their own interests in reference thereto, I think those defendants are also entitled to the costs of opposing this motion. Those costs are fixed at ten dollars